Matthew G. Monforton  (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949
Facsimile:  (406) 551-6919
E-mail:       matthewmonforton@yahoo.com

Attorney for Plaintiff Dan Cox

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| DAN COX, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD McLEAN, in his official capacity as Chair of Montana's Judicial Standards Commission; BLAIR JONES, in his official capacity as a member of Montana's Judicial Standards Commission; VICTOR VALGENTI, in his official capacity as a member of Montana's Judicial Standards Commission; JOHN MURPHY, in his official capacity as a member of Montana's Judicial Standards Commission; SUE SCHLEIF, in her official capacity as a member of Montana's Judicial Standards Commission; <br><br> Defendants. | Case No. _____ <br><br> **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF** <br><br> **CLASS ACTION** |

## PRELIMINARY STATEMENT

1. This case involves censorship of core First Amendment speech. Specifically, the State of Montana has threatened to cite Plaintiff Dan Cox and others for contempt if they disclose complaints they have filed with the Montana Judicial Commission (Commission).

2. Disclosure by complainants is not permitted by state law, even after the Commission investigates a complaint and dismisses it.

3. Montana has no compelling interest justifying this prohibition, particularly after completing an investigation of a complaint and dismissing it. The Commission should therefore be enjoined from threatening to cite Plaintiff Cox and all other similarly situated persons who desire to publicly disclose complaints they have filed with the Commission.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1343, 42 U.S.C. §1983, and the First and Fourteenth Amendments to the United States Constitution.

5. Venue for this action properly lies in the Missoula Division of the District of Montana because Defendant Edward McLean resides within the Missoula Division and substantially all of the events giving rise to the claims in this action occurred in the Missoula Division.

## PARTIES

6.     Plaintiff Dan Cox is a natural person residing in Lake County in the State of Montana.

7.     Defendant Edward McLean is a district court judge for the State of Montana and chairs Montana's Judicial Standards Commission.  Plaintiff is informed, believes, and thereon alleges that Defendant McLean resides in Missoula County in the State of Montana.

8.     Defendant Blair Jones is a district court judge for the State of Montana and is a member of Montana's Judicial Standards Commission.  Plaintiff is informed, believes and thereon alleges that Defendant Jones resides in Stillwater County in the State of Montana.

9.     Defendant Victor Valgenti is a member of Montana's Judicial Standards Commission.  Plaintiff is informed, believes and thereon alleges that Defendant Valgenti resides in Missoula County in the State of Montana.

10.     Defendant John Murphy is a member of Montana's Judicial Standards Commission.  Plaintiff is informed, believes and thereon alleges that Defendant Murphy resides in Cascade County in the State of Montana.

11.     Defendant Sue Schleif is a member of Montana's Judicial Standards Commission.  Plaintiff is informed, believes and thereon alleges that Defendant Schleif resides in Pondera County in the State of Montana.

# STATEMENT OF FACTS

12.    The Montana Constitution mandates the establishment of the Montana Judicial Standards Commission to investigate complaints alleging misconduct committed by judges.  The Commission promulgates rules governing its own proceedings.  Mont. Const. art. VII, § 11 (1).

13.    All of the Commission's proceedings are confidential except as provided by statute.  Mont. Const. Art. VII, § 11 (4).

14.    Pursuant to statute, all papers filed with the Commission and all proceedings held before it are confidential unless (1) the Commission finds the complaint is supported by good cause, (2) the Montana Supreme Court holds a hearing in response to the complaint or (3) the judge named in the complaint waives his or her right to confidentiality.  § 3-1-1105, MCA; 3-1-1107(2), MCA; 3-1-1121 to 3-1-1126, MCA.

15.    In addition to these constitutional and statutory provisions, the Commission has promulgated rules governing the confidentiality of its files and proceedings.  This includes the following rule:

> Every witness in every proceeding under these Rules shall be sworn to tell the truth and not to disclose the existence of the proceeding or the identity of the judge until the proceedings are no longer confidential under these rules. Violation of the oath shall be an act of contempt and punishable as such.

Commission Rule 7(c)[1].

16.     Plaintiff Cox has been an active member of the Montana Libertarian Party and served as the party's nominee for election to the United States Senate in 2012.

17.     Plaintiff Cox became aware of actions taken by a judge sitting on the Montana District Court that violated several canons of the Montana Judicial Code. These included unlawful, ex parte communications with a party to an action while the action was pending in the judge's court and a lack of impartiality and fairness concerning rulings made in the action.

18.     Based upon his knowledge of these activities, Plaintiff Cox filed a complaint with the Commission on or about June 1, 2013.

19.     Plaintiff Cox's complaint contained detailed allegations concerning the acts of misconduct referenced in paragraph 17 of this Complaint.

20.     The Commission responded to Plaintiff Cox in a letter dated July 8, 2013.

21.     In that letter, the Commission stated that it would conduct a "preliminary review" of Cox's complaint.

---

[1]  The Commission's rules can be found at:
http://courts.mt.gov/content/library/forms/judges_complaint/jsc.pdf

22.   The Commission's letter also informed Plaintiff Cox of the following:

> The Commission reminds you that all matters before the
> Judicial Standards Commission, prior to the filing of formal
> charges of unethical conduct in the Montana Supreme Court,
> are confidential.  Any disclosure by you concerning the fact that
> you have filed a complaint with the Judicial Standards
> Commission is prohibited.

23.   The Judicial Commission sent another letter to Plaintiff Cox dated
August 26, 2013.

24.   In that letter, the Commission informed Plaintiff Cox that the
complaint had been "reviewed, discussed and evaluated by the members of the
Commission present at the meeting," and that "[a] decision was reached that no
ethical violation or professional misconduct in breach of the Canons of Judicial
Ethics was shown."

25.   The Commission also stated in its letter of August 2013 that "[a]ll
matters before the Commission, prior to the filing of a formal complaint against a
judge with the Montana Supreme Court, are required to remain confidential."

26.   The Commission did not state in the letter that it made any effort to
actually investigate any of the charges made by Plaintiff Cox against the judge.

27.   The Commission has not given any other indication that it
investigated Plaintiff Cox's allegations.

28.     On March 18, 2014, Cox's attorney sent a letter to all five members of the Commission asking if the Commission intended to subject Plaintiff Cox to contempt proceedings if he were to publish his judicial complaint and the letter dismissing the complaint.

29.     The Commission responded in a letter dated May 20, 2014.

30.     In that letter, the Commission stated as follows:

> The Rules of the Judicial Standards Commission are very specific.  All proceedings before the Commission are confidential unless the judge waives the confidentiality.  If the complainant were to breach the confidentiality of the complaint, the Commission would cite the individual for contempt and appoint a district court judge to conduct the contempt hearing on the individual who violated the confidentiality provision.

31.     Plaintiff Cox believes that the judge named in the judicial complaint and the Commission have acted unlawfully.

32.     Plaintiff Cox intends to seek a recall of the judge named in the complaint as well as oppose the judge if he/she seeks re-election.

33.     He also desires to speak out about what he believes was a deliberate failure by the Commission to investigate the merits of his complaint.

34.     Plaintiff Cox desires to publish the complaint and the Commission's letter to him informing him of its dismissal of the complaint as part of these efforts.

35.     He will not do so, however, while there remains a threat of a contempt citation.

## CLASS ACTION ALLEGATIONS

36.    Pursuant to F.R.Civ.P. 23(a) and (b)(2), Plaintiff Cox brings his class action claims on behalf of himself and a class of similarly situated persons defined as:

> All individuals who filed complaints with the Montana Judicial Standards Commission for which the Commission did not find probable cause and who were prohibited by the Commission not to disclose their complaints.

37.    The class seeks certification of claims for declaratory, injunctive and other equitable relief pursuant to 42 U.S.C. § 1983 arising from violations of the First Amendment.  Members of the class retain any and all damages claims they individually may possess arising out of or relating to the acts, events, and transactions that form the basis of this action.

38.    **Numerocity of the Class:**  Plaintiff Cox is informed, believes, and thereon alleges that the class consists of 500 to 1000 persons.  The precise number of persons in the class and their identities and addresses may be ascertained from Defendants' records.  Thus, the members of the Class are so numerous that joinder of all Class members is impracticable.

39.    **Existence of Common Questions of Fact and Law:**  There is a well-defined community of interest in the questions of law and fact affecting the members of the Class.  These common legal and factual questions include:

(a)     Whether Defendants have violated the First Amendment rights of class members by prohibiting them from publicly disclosing complaints they have filed with the Commission;

(b)     Whether Class members are entitled to injunctive, declaratory, and other equitable relief against Defendants;

(c)     Whether Class members are entitled to an award of reasonable attorneys' fees and costs of this suit.

40.     **Typicality:** Plaintiff Cox's claims are typical of the claims of the members of the Class because he has been threatened with a contempt citation by the Commission if he reveals the complaint that he filed with the Commission. Plaintiff Cox and all members of the Class have similarly suffered harm arising from Defendants' violations of law.

41.     **Adequacy:** Plaintiff Cox is an adequate representative of the class because his interests do not conflict with the interests of the members of the Class he seeks to represent.  Plaintiff Cox has retained counsel experienced in class action litigation and Plaintiff Cox intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class.

42.     This suit may be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(b)(2) because Plaintiff Cox and the Class seek

declaratory and injunctive relief, and the requirements of numerosity, common questions of fact and law, typicality and adequacy are present. Moreover, Defendants have acted on grounds generally applicable to Plaintiff Cox and the Class as a whole, thereby making declaratory and/or injunctive relief proper.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF - 42 U.S.C. § 1983

43. All previous paragraphs are incorporated by reference.

44. Montana law prohibits the publication by Plaintiff Cox and Class Members of complaints they have filed with the Montana Judicial Standards Commission.

45. The Commission threatens to issue contempt citations against anyone who publishes a complaint filed with the Commission, even if that complaint has been dismissed.

46. Montana laws prohibiting the publication by complainants of their complaints are content-based and therefore subject to strict scrutiny. *Citizens United v. F.E.C.*, 130 S. Ct. 876, 898 (2010).

47. These prohibitions cannot satisfy strict scrutiny because the State has no compelling interest in suppressing complaints filed in cases that are subsequently dismissed. These prohibitions therefore violate the Free Speech

Clause of the First Amendment to the United States Constitution as made applicable to state and local governments through the Due Process Clause of the Fourteenth Amendment.

48.     Plaintiff Cox and the Class Plaintiffs are suffering a violation of their right to freedom of speech under the First Amendment because they have been prevented from publishing their complaints due to the Commission's threat to cite them for contempt.

49.     Plaintiff Cox and the Class Plaintiffs will continue to have their rights violated until this Court grants relief.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief from this Court as follows:

a)  Declare that Mont. Const. Art. VII, § 11 (4), § 3-1-1105, MCA, and Rule 7 (c) of the Commission's Rules are unconstitutional on their face and as applied to Plaintiffs;

b) Enjoin Defendants from threatening to cite Plaintiffs for contempt for publishing complaints they have filed with the Commission;

c) Award Plaintiff Cox and the Class nominal damages against Defendants;

d) Award Plaintiff Cox and the Class their costs of litigation, including reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988; and

e) Grant such other relief to which Plaintiff Cox and the Class may be entitled, or as this Court deems necessary and proper.

## <u>REQUEST FOR JURY TRIAL</u>

Plaintiffs request a jury trial as to all issues so triable.


DATED: June 10, 2014         <u>/s/ Matthew G. Monforton</u>

Attorney for Plaintiffs

## VERIFICATION BY DAN COX

I, Dan Cox, declare as follows:

1.    I am the Plaintiff in this matter.

2.    I have personal knowledge of the allegations set out in this Complaint and, if called as a witness, I could and would competently testify as to the matters stated herein.

3.    I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint are true and correct.


Executed on June 11, 2014, in Polson, Montana.


Dan Cox