Matthew G. Monforton  (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949
Facsimile:   (406) 551-6919
E-mail:       matthewmonforton@yahoo.com

Attorney for Plaintiff Dan Cox

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| DAN COX, on behalf of himself and all others similarly situated, | Case No. 9:14-cv-00199-DLC |
| Plaintiffs, | |
| v. | **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; FOUNDATIONAL DECLARATION OF COUNSEL** |
| EDWARD McLEAN, in his official capacity as Chair of Montana's Judicial Standards Commission; BLAIR JONES, in his official capacity as a member of Montana's Judicial Standards Commission; VICTOR VALGENTI, in his official capacity as a member of Montana's Judicial Standards Commission; JOHN MURPHY, in his official capacity as a member of Montana's Judicial Standards Commission; SUE SCHLEIF, in her official capacity as a member of Montana's Judicial Standards Commission; | |
| Defendants. | |

## REQUEST FOR JUDICIAL NOTICE

Plaintiff Dan Cox hereby requests that this Court take judicial notice of the attached document, which is a true and correct copy of documents posted on the website for Montana's judiciary.  This document is as follows:

Exhibit 1: Rules of the Montana Judicial Standards Commission

## BASIS FOR JUDICIAL NOTICE

Federal courts may judicially notice facts that are "generally well known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).  This rule applies to documents obtainable from a government website. *Daniels-Hall v. Nat'l Educ. Assn.*, 629 F3d 992, 998-99 (9th Cir. 2010) (F.R.Evid. 201(b) permits judicial notice of official information posted on a governmental website); *In re Amgen Inc.*, 544 F.Supp.2d 1009, 1023-24 (C.D. Cal.2008) (taking judicial notice of drug labels taken from the FDA's website); *County of Santa Clara v. Astra USA, Inc.,* 401 F.Supp.2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a Department of Health and Human Services website). Documents judicially noticed may be used in support of a motion for summary judgment. *Grason Elec. Co. v. Sacramento Municipal*

*Utility Dist.,* 571 F.Supp. 1504, 1521 (E.D. Cal.1983).

The attached document is a true and correct copy of the Montana Judicial Commission's Rules downloaded from a government website address: http://courts.mt.gov/content/library/forms/judges_complaint/jsc.pdf. It is therefore a document that is subject to judicial notice by this court.

                                             Respectfully submitted,

DATED: July 28, 2014        /s/ Matthew G. Monforton
                                         Matthew G. Monforton

                                           Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY this 28th day of July, 2014, that a copy of the foregoing will be delivered this day to the following via regular mail and email.

TIMOTHY FOX
Montana Attorney General
MICHAEL G. BLACK
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
mblack2@mt.gov


DATED: July 28, 2014      /s/ Matthew G. Monforton
                                      Matthew G. Monforton

                                      Attorney for Plaintiff

## DECLARATION OF MATTHEW MONFORTON

I, Matthew G. Monforton, declare under oath as follows:

 1. I am the attorney of record for Plaintiff in the instant matter. I am licensed to practice before the courts of Montana as well as the U.S. District Court for Montana. I have personal and firsthand knowledge of the facts stated in this declaration and could testify to them as a witness at a trial or hearing.

 2. Exhibit 1 is a true and correct copy of document obtained from Montana's judicial website at http://courts.mt.gov/content/library/forms/judges_complaint/jsc.pdf.

 3. I last accessed the website on July 28, 2014.

 I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Bozeman, Montana on July 28, 2014.

_____
Matthew G. Monforton
Declarant

# RULES OF THE JUDICIAL STANDARDS COMMISSION

## RULE 1 - SCOPE

These rules are promulgated pursuant to Section 11, Article VII of the Montana Constitution, and the provisions of Title 3, Chapter 1, Part 11, MCA. These rules apply to all operations of and proceedings before the Judicial Standards Commission of the State of Montana.

## RULE 2 - DEFINITIONS

In these rules, unless context or subject matter otherwise requires:

(a) "Commission" means the Judicial Standards Commission of the State of Montana.

(b) "Judge" means the Chief Justice, Supreme Court Justice, District Judge, Justice of the Peace, City Judge, Municipal Court Judge, Small Claims Judge, Judge *Pro Tempore*, or Special Master appointed by a District Judge. "Judge" does not include an administrative law judge or hearings officer appointed by the legislature or any department or commission.

(c) "Chairperson" includes the Acting Chairperson.

(d) "Examiner" means any person appointed by the Commission to gather and present evidence before the Commission.

(e) "Shall" is mandatory. "May" is permissive.

(f) "Mail" and "Mailed" include ordinary mail and personal delivery.

(g) "Registered mail" means either registered or certified mail deposited with the United States Postal Service with postage prepaid and with a request for a return receipt.

(h) "Oath" is synonymous with "affirmation" and "swear" is synonymous with "affirm."

## RULE 3 - ORGANIZATION OF THE COMMISSION

(a) The Commission shall select from its members a Chairperson, a Vice Chairperson, and such other officers as the Commission may consider proper and helpful in carrying out its functions, who shall serve at the pleasure of the Commission. A member may be elected to more than one office.

(b) The Chairperson or designee shall preside at all general meetings of the Commission as well as at formal hearings concerning the conduct or disability of a judge. In the event the Chairperson is absent or is otherwise unable to attend a meeting or to perform the duties of office at a particular time, those duties shall be performed by the Vice Chairperson, and in the absence of the Vice Chairperson, by a member of the Commission designated by those present.

(c) Any member of the commission is authorized to administer oaths or affirmations to all witnesses appearing before the Commission.

(d) All of the records of the Commission shall remain under the exclusive and continuing control of the Judicial Standards Commission, and access to the same shall be limited to and controlled by the Commission and its staff. In the absence of an order signed by a majority of the justices of the Montana Supreme Court, no justice, judge, employee of same, and no member of the public or media shall have any right of access to the Commission's records.

(e) The records of the Commission shall be maintained in the offices of the Supreme Court Administrator pursuant to these rules and to the Order of the Montana Supreme Court dated and filed July 23, 1984.

(f) Records concerning a complaint against a judge, other than a formal complaint ordered filed by the commission as hereinafter set forth or in which any discipline is administered as described in these rules, shall be maintained for 10 years after such judge has ceased to act as a judicial officer, at the end of which time such records may be destroyed. Records concerning a formal complaint filed against a judge, and records concerning any discipline administered as described in these rules, shall be maintained during the lifetime of the judge named therein.

## RULE 4 - STAFF OF THE COMMISSION

(a) The Commission shall select an Executive Secretary whose duty it shall be to record minutes of the meetings and hearings which shall be a permanent record of the actions of the Commission. The Executive Secretary shall be responsible for the custody and safekeeping of all the records of the Commission. The Executive Secretary shall promptly furnish to members of the Commission copies of all complaints, notices, answers and other documents filed in connection with proceedings before the Commission. The Executive Secretary shall be paid as provided in the Order of the Montana Supreme Court dated and filed July 23, 1984.

(b) The Commission may appoint an attorney licensed to practice law in the State of Montana to investigate charges against any judicial officer and to report findings to the Commission, and to otherwise assist the Commission in its inquiry into conduct of a judicial officer.

(c) The Commission may appoint an attorney licensed to practice law in the State of Montana to marshal and present evidence, to file a formal complaint, and to prosecute a formal complaint before the Commission.

(d) The Commission may appoint one or more District Judges to hear and receive evidence in any matter before the Commission, including a formal complaint, and may require that such judge or judges make a record of proceedings before them, and report to the Commission with a recommendation as to any action the Commission should take.

(e) An attorney appointed by the Commission under (b) or (c) above shall be paid as determined from time to time by the Commission from funds provided by the legislature for the operation of the Commission.

## RULE 5 - MEETINGS

(a) The Commission shall meet four (4) times a year. The dates of these meetings shall be designated by the commission as business may require. The dates of the meetings shall be public information, however, the meetings and the record thereof shall be confidential as stated in these rules.

(b) The Chairperson may, and upon the request of three members shall, call a meeting of the Commission. The Chairperson shall give reasonable notice to each member by telephone or other means of the time and place of the meeting.

(c) A quorum for the transaction of business of the Commission shall be three members and no action of the Commission shall be valid unless concurred by no less than three members.

(d) Decisions by the Commission to conduct an investigation of a judge, order a judge to submit to a physical examination, proceed against a person for contempt for failing to respond to a subpoena of the Commission, issue a public opinion or statement, institute contempt proceedings against a person for violation of the confidentiality provisions of the rules, hold or not to hold a formal hearing, hear additional evidence, make a report to the Supreme Court recommending removal, other discipline, or retirement of a judge, or deciding after a formal hearing not to make such a report, shall be made at a formal meeting of the Commission. Decisions with respect to other matters may be arrived at through communications between the members of the Commission, but a report of such action shall be made by the Chairperson at the next meeting of the Commission and entered in the minutes of that meeting.

## RULE 6 - INTERESTED MEMBERS OF COMMISSION

In the event a judicial officer who is a member of the Commission is disqualified by the terms of § 3-1-1108, MCA, or recuse himself from acting in a particular proceeding, the Commission may request the Montana Supreme Court to appoint another judge from a court of record to act as a member of the Commission, to sit and act only in such investigation of the disqualified judge.

## RULE 7 - PROCEEDINGS CONFIDENTIAL

(a) All papers filed herewith and all proceedings before the Commission shall be confidential, provided, however, that the record filed by the Commission with the Supreme Court loses its confidential character upon its filing and, further provided, that it loses its confidentiality in the event that §§ 3-1-1121 through 1126, MCA, are invoked in accordance with the terms thereof.

(b) All notices, pleadings and papers mailed to a judge and to other persons pursuant to these Rules shall be marked "personal and confidential."

(c) Every witness in every proceeding under these Rules shall be sworn to tell the truth and not to disclose the existence of the proceeding or the identity of the judge until the proceedings are no longer confidential under these rules. Violation of the oath shall be an act of contempt and punishable as such.

(d) If a judge voluntarily retires or resigns prior to the institution of formal proceedings, and agrees not to act as a judge at any time in the

~ Rule Section ~ Rule Section ~ Rule Section ~ Rule Section ~ Rule Section ~ Rule Section ~ Rule Section ~ Rule Section ~ Rule Section ~ Rule Section ~

**41**

**EXHIBIT 1**

©2012 Lawyers' Deskbook & Directory

future, all proceedings against such judge shall terminate and the files of the Commission concerning said judge shall remain confidential.

(e) A judge may, upon request, be given information concerning complaints that have been filed against that judge, unless after consideration the commission deems that all or part of such information should be kept confidential. Should any such request by a judge, or a part thereof, be denied, such information shall not be divulged to any other person or agency, nor shall it be used by the commission to take any action, or as justification for any action, described in Rule 9(c).

(f) If in connection with the selection or appointment of a judge, any state or federal agency seeks information or written materials from the commission, such judge shall be informed of such request and given a reasonable time to object to or agree to the commission supplying the information requested. If such request is objected to the commission shall set a hearing at its earliest convenience to determine what, if any, information shall be divulged. Such hearing may be by telephone. The judge and the agency shall be given notice of the time and place of such hearing, and the opportunity to participate. The deliberations of the commission on the request shall be confidential. The decision of the commission shall be in writing, giving the reasons therefore. § 3-1-1125, MCA.

## Rule 8 - Immunity

(a) Communications or complaints, oral or written to the Commission, special counsel or investigators acting for the Commission, and testimony given in the proceedings are privileged, and no evidence thereof is admissible in any lawsuit against any complainant or witness. Waiver, if any, of such privilege by voluntary disclosure by a complainant or witness shall be determined under Rule 503, Montana Rules of Evidence.

(b) Members of the Commission, investigators, special counsel, and staff members shall be immune from suit for any conduct in the course of their official duties. All of said persons are deemed officers and/or agents of the Commission for all purposes mentioned in these rules.

(c) Upon application of the Commission and after reasonable notice to the appropriate county attorney(s), upon request of the Commission, the Supreme Court may order that a witness cannot be prosecuted or subjected to any penalty or forfeiture, other than a prosecution or action for perjury or contempt, for or on account of any transaction, matter, or thing concerning which the witness testified or produced in a judicial disciplinary proceeding.

## Rule 9 - Jurisdiction and Grounds for Discipline

(a) The Commission shall have jurisdiction over the conduct of all judges as defined herein, including part-time judges, and those retired district judges that may be called to hear cases as provided by § 19-5-103, MCA. This jurisdiction concerns conduct that occurred while a judge is in office, or acting as a retired judge, and may include conduct that is not in connection with judicial duties.

(b) Grounds for discipline or removal are:

(1) Any disability that seriously interferes with the performance of the officer's duty and is or may become permanent.

(2) Willful and persistent failure to perform judicial duties.

(3) Willful misconduct in office.

(4) Violation of the Canons of Judicial Ethics adopted by the Supreme Court of the State of Montana, which may include conduct prejudicial to the administration of justice which brings the judicial office into disrepute, or impropriety.

(5) Habitual intemperance.

(c) The Commission may impose, or recommend to the Supreme Court, the following:

(1) *Admonition*: A private communication from the commission to a judge reminding the judge of ethical responsibilities and giving a warning to avoid future misconduct or inappropriate practices. An admonition may be used to give authoritative advice and encouragement or to express disapproval of behavior that suggests the appearance of impropriety even though it meets minimum standards of judicial conduct.

(2) *Private Reprimand*: A private communication from the commission to a judge that declares the judge's conduct unacceptable under one of the grounds for judicial discipline but not so serious as to merit a public sanction.

(3) *Public Reprimand:* A public reprimand administered by the Supreme Court, upon report and recommendation of the commission, which declares a judge's conduct unacceptable under one of the grounds for judicial discipline but not so serious as to warrant a censure.

(4) *Censure:* A public declaration by the Supreme Court that a judge is guilty of misconduct that does not require suspension or removal from office. Censure may be ordered in conjunction with other sanctions.

(5) *Suspension:* A decision by the Supreme Court to suspend a judge from office temporarily, with or without pay, for serious misconduct that merits more than censure but less than removal. This sanction is flexible, and there are no restrictions on the length of a suspension.

(6) *Removal:* A decision by the Supreme court to remove a judge from office for serious misconduct.

(7) *Permanent Removal:* A decision by the Supreme court to remove a judge permanently from office for serious misconduct and declare that such person may never again hold a judicial office in the State of Montana.

(8) *Retirement:* A decision by the Supreme Court to retire a judge for a disability that seriously interferes with the performance of judicial duties that is or is likely to become permanent.

(d) The Commission may admonish or privately reprimand a judge with or without a formal complaint being filed. All other sanctions must be administered, or retirement ordered, by the Supreme Court after completion of a proceeding on a formal complaint, and recommendation to the Supreme Court.

## Rule 10 - Complaints - Initial investigations

(a) All complaints to the commission shall be in writing, verified, and made on the form attached hereto as "Form A". Complaints shall be lodged with the Executive Secretary.

(b) A complaint shall not be a prerequisite to action by the Commission. The Commission may act on its own motion in those cases where the Commission considers it appropriate.

(c) Upon receiving a complaint or otherwise receiving information indicating that a judge is guilty of some action set forth in Rule 9(b), or that the commission should take some action as described in Rule 9(c), the Commission may make an initial inquiry of the judge for such written comments with respect to the matters involved as the judge may wish to make, or may request a response from the judge. With or without making such initial inquiry, and with or without notice or other information being given to the judge, as the Commission may consider appropriate, the Commission may conduct an investigation of the conduct or condition of the judge for the purpose of determining whether formal proceedings should be instituted and a hearing held. However, prior to any determination that a formal hearing will be held, the judge shall be sent a copy of the complaint, or a synopsis of the matters to be or which have been investigated, and the judge shall thereafter be given reasonable opportunity to make such statement to the Commission as the judge considers desirable. Such statement may be made, as the judge may elect, personally or by counsel, verbally or in writing, and may or may not be under oath. In exercising this right, the judge shall not have the right to call witnesses nor to confront nor cross-examine the person making the complaint or any person interviewed by the Commission or its duly authorized representative. If, after being notified by the Commission, the judge does not respond within a reasonable time or within the time fixed by the Commission, the right to make such statement shall thereupon terminate.

(d) In making an investigation, the Commission may issue subpoenas for witnesses to appear before the Commission or its representative for the purpose of making a sworn statement and may likewise issue subpoenas for the production of books, papers and other evidentiary matter which are pertinent to the inquiry.

(e) Whenever the Commission reaches the conclusion that facts developed upon an initial investigation fail to show any reason for the institution of disciplinary proceedings, the Commission shall dismiss the complaint, terminate the inquiry, and so advise the complainant. At the same time the complainant shall be informed of the confidentiality provisions of Rule 7. The Commission shall also so notify the judge.

(f) Complaints may be summarily rejected and dismissed by the Commission because they fail to state any possible grounds for disciplinary proceedings. The Commission may, but is not required to, advise the judge thereof.

(g) After receipt of a complaint or of information indicating that a judge may have been guilty of conduct which might warrant discipline, or that a judge may be disabled, the Commission, before voting to hold a formal hearing, may delegate to one or more of its members the authority and responsibility to personally and confidentially confer with the judge subject to the inquiry, and to make informal recommendations to the judge concerning the subject matter of the inquiry and a satisfactory disposition thereof. If the judge agrees to the Commission's suggested disposition, the matter may be disposed of on the basis of the agree-

©2012 Lawyers' Deskbook & Directory

**EXHIBIT 1**

ment reached. If such agreed disposition is made on the basis that it be made public, the Commission shall file a report of such disposition in the office of the Clerk of the Supreme Court and it shall become a matter of public record.

(h) The Commission may at any time entertain and act upon a proposal from a judge for disposition of any matter pending before the Commission concerning such judge, provided that if such proposal is made after filing of a formal complaint, and is found acceptable to the Commission, a report thereof shall be filed in the office of the Clerk of the Supreme Court, and such report shall not be considered confidential.

## Rule 11 - Formal Complaint

(a) If, after an initial investigation, a majority of the Commission find that there exist grounds to conduct formal proceedings concerning a complaint or other facts brought to the attention of the Commission, the Commission shall appoint an attorney, as provided in Rule 4(c), to file a formal complaint against said judge in the office of the Clerk of the Supreme Court, and to prosecute said formal complaint before the Commission.

(b) Upon the filing of a formal complaint, said complaint and all proceedings subsequent to its filing are not confidential and become a matter of public record.

## Rule 12 - Procedure on Formal Complaint

(a) The formal complaint shall be styled as in "Form B" (contact the Montana Supreme Court for "Form B") and shall state the names of complainants, the nature of the alleged grounds for discipline, the time of actions giving rise to alleged wrongdoing and a brief summary of the facts upon which allegations of wrongdoing are based.

(b) A notice of the filing of the formal complaint together with a copy of said complaint shall be served on the judge. Such notice shall advise the judge of the name, address and telephone number of the prosecuting attorney and of the right to file a written response with the Clerk of the Supreme Court within fifteen, (15), days after the complaint has been served upon the judge.

(c) (i) Service of the notice and copy of the formal complaint shall be made on the judge who is the subject thereof by personal service as provided in Rule 4(D)(2),(3), M.R.Civ.P. Service of the notice and copy of the complaint may be acknowledged by the judge or the judge's attorney.

(ii) Service and filing of orders, pleadings and other papers shall be made as provided in Rule 5, M.R.Civ.P., except that filing in the office of the Clerk of the Supreme Court shall be deemed filing with the commission.

(d) The judge may file a response to the allegations of the formal complaint, within fifteen days after service. Thereafter, the commission may set a hearing on the complaint. Said hearing shall be set no sooner than thirty, (30), days after the time for filing a response has expired or after a response is filed. The hearing shall be set as promptly as possible considering the particular circumstances.

(e) The chairperson shall appoint a member of the commission, which may be the chairperson, to hear and determine preliminary matters prior to hearing, set dates, make necessary rulings, make discovery orders, order subpoenas issued, and make such orders as are necessary to assure the hearing is conducted promptly and that both the complainant and the responding judge have opportunity to fully and fairly prepare for the hearing. The orders of said member shall have the same force as an order of the commission unless quashed by a majority of the members thereof.

(f) (i) The responding judge shall, upon request, be provided access to the information upon which the formal complaint is based, including the initial complaint, statements of the complainant, witnesses, and other physical and documentary evidence. (ii) The responding judge shall, upon request, be provided with the names and last known address of witnesses that shall be called to testify at the hearing together with copies of all evidence the prosecuting attorney intends to introduce at the hearing. Likewise, the judge shall, upon request, provide the prosecuting attorney with the names and addresses of all witnesses the judge intends to call to testify at the hearing, and copies of all evidence intended to be introduced at the hearing. (iii) Except as specifically stated in these rules, discovery procedures contained in the Montana rules of civil procedure and Montana code of criminal procedure do not apply to proceedings before the commission. (iv) Depositions may be taken only after an order granted by the commission upon application and showing of need therefore. Other discovery methods such as interrogatories, requests for admissions or requests for production may be undertaken only by order of the commission after application and a showing of need therefor.

(g) Upon written request, the commission may direct the Clerk of the Supreme Court to issue subpoenas and they may be served as provided in Rule 45, M.R.Civ.P., except the clerk shall not be required to issue any subpoena except upon direct order of the commission. Payment of witness fees and mileage shall be the same as provided for witnesses in a district court proceeding.

## Rule 13 - Hearing on Formal Complaint

(a) At the appointed time and place the prosecuting attorney shall present the case in support of the charges in the formal complaint. Failure of the judge to respond or to appear at the hearing shall not, standing alone, be taken as evidence of the truth of the facts alleged.

(b) A verbatim record, by stenographic or other means, shall be made of the hearing. The commission may or may not order that a transcript of the proceedings be made. When a transcript of the hearing has been prepared at the expense of the Commission, a copy thereof shall, upon request, be available for use by the judge and counsel. The judge or other person may arrange to have the proceedings transcribed and to secure a copy of said transcript at the judge's expense. The judge shall have the right, without any order or approval, to have all or any testimony in the proceedings transcribed at the judge's expense.

(c) The chairperson or designee shall preside at the hearing. The hearing shall be conducted according to the Montana Rules of Evidence.

(d) The responding judge may, but shall not be required to, appear at or testify at the hearing.

(e) The complainant shall open and close the evidence. The complainant, acting through the prosecuting attorney, shall have the burden of proof that the charges are true by clear and convincing evidence as defined by § 27-1-221(5), MCA. The responding judge shall have the right to, but shall not be required to, present evidence in defense of the complaint.

(f) At the conclusion of the hearing the commission may order further written arguments or submissions as it deems appropriate. Thereafter, the matter shall be deemed submitted for decision.

(g) Deliberations of the commission shall be conducted in private. The commission shall render its decision, and any recommendation to the supreme court in writing. The commissions decision shall be filed in the office of the Clerk of the Supreme Court and the charges dismissed or a recommendation transmitted to the court, whichever is necessary.

(h) Should less than a majority of the commission vote affirmatively for the censure, suspension, retirement, or removal, a formal complaint shall be dismissed in favor of the judge, who shall be entitled to fees paid or incurred for subpoenas, witness fees and mileage, and any depositions ordered by the commission. Said judge shall also be reimbursed for reasonable attorneys fees required in defense of such formal complaint. Such costs shall be paid to the judge from funds provided to the commission by the legislature. Should the commission find charges in a formal complaint to be true, and a recommendation for discipline as provided in Rule 9(c) be accepted and imposed by the supreme court, the responding judge may be assessed and required to pay all costs of the proceedings before the commission, including reasonable attorneys fees of the prosecuting attorney.

## Rule 14 - Interim Disqualification of Judicial Officers

Upon the Commission's filing with the Supreme Court a recommendation that a judicial officer be removed or retired, the judge shall forthwith be disqualified to serve as such, without loss of salary, pending the Supreme Court's review of the record and proceedings, and its order thereon. § 3-1-1109(2), MCA.

## Rule 15 - Judge Incompetent

If a judge against who a complaint has been filed has been adjudged incompetent by a court of competent jurisdiction, or if it appears to the commission at any time that a judge is not competent, for the purposes of disposition of a complaint before the commission, and no guardian has been appointed, the commission shall appoint a *guardian ad litem*, to act for such judge. The guardian or *guardian ad litem* may claim and exercise any right or privilege and make any defense for the judge with the same force and effect as if claimed, exercised, or made by the judge, if competent. Whenever these rules provide for serving or giving notice or sending any matter to the judge, such notice or matter shall be served, given, or sent to the guardian or *guardian ad litem*.

EXHIBIT 1

43

©2012 Lawyers' Deskbook & Directory

# Rule 16 - Effective Date and Amendment

(a) These rules shall be effective upon signature of a majority of the commission and filing in the office of the Clerk of the Supreme Court. Amendments hereto may be made from time to time by the commission, and such amendments shall be effective upon signature of a majority of the commission and filing in the office of the Clerk of the Supreme Court.

(b) Upon signing and filing of these rules, all previous rules of the Judicial Standards Commission are repealed.

*Adopted July 29, 1999*

/S/ Hon. John Warner, Chairman
/S/ Victor F. Valgenti, Vice Chairman
/S/ Barbara Evans, member
/S/ Patty Jo Henthorn, member
/S/ Hon. Ed McLean, member

©2012 Lawyers' Deskbook & Directory

**EXHIBIT 1**